RENDERED:  MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0333-WC

MURRAY ENERGY CORPORATION                                          APPELLANT


PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-20-00189


MARK SMITH; MUHLENBERG
COUNTY COAL; HONORABLE
JONATHAN R. WEATHERBY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Murray Energy Corporation (Murray Energy) petitions this

Court to review a February 25, 2022, opinion and order of the Workers'

Compensation Board (Board) affirming an administrative law judge's award of

permanent partial disability benefits to Mark Smith.

Relevant herein, Smith filed a claim for workers' compensation benefits for cumulative trauma injuries to his left knee, low back, shoulders, and neck.[1] Smith had been employed by Murray Energy from September 11, 2006, to March 2, 2019. Smith was then employed by Muhlenberg County Coal (Muhlenberg Coal) from March 3, 2019, to December 27, 2019, when he was laid off. A central issue between the parties was whether Murray Energy or Muhlenberg Coal would be liable for the alleged cumulative trauma injuries suffered by Smith.

In a September 3, 2021, Opinion, Award, and Order, the Administrative Law Judge (ALJ) determined that Smith's cumulative trauma injury to his low back was not filed timely per Kentucky Revised Statutes (KRS) 342.185 and was time-barred. The ALJ then found that Smith suffered cumulative trauma injuries to his left knee, cervical spine (neck), and shoulders (collectively referred to as cumulative trauma injuries) that were work-related and that resulted in permanent partial disability (PPD). As to whether Murray Energy or Muhlenberg Coal were responsible for payment of PPD benefits, the ALJ found compelling "the testimony of [Smith] that his safety position with Muhlenberg

---

[1] Mark Smith also filed claims alleging other work-related injuries; however, those claims are not at issue in this appeal.

County Coal did not contribute to his cumulative trauma injuries because his duties were sedentary and consisted of office work." September 3, 2021, Opinion, Award, and Order at 10. In particular, the ALJ stated:

> [Smith] specifically testified that he did not go underground or perform any of the physically demanding duties that he described performing for Murray Energy d/b/a Ken America while at Muhlenberg County Coal. The ALJ therefore finds that the last employer for the purposes of [Smith's] cumulative trauma injuries was Murray Energy d/b/a Ken America.

September 3, 2021, Opinion, Award, and Order at 10-11. As a consequence, the ALJ concluded that Murray Energy was liable for payment of PPD benefits owed to Smith. Murray Energy did not file a petition for reconsideration of the ALJ's opinion.

Murray Energy then sought review with the Board. Murray Energy argued that the ALJ erred by finding it liable for payment of PPD benefits due as a result of Smith's cumulative trauma injuries. Instead, Murray Energy asserted that Muhlenberg Coal was liable. By opinion and order entered February 25, 2022, the Board affirmed the ALJ's September 3, 2021, Opinion, Award, and Order. As a result, Murray Energy sought review in the Court of Appeals.

Our review of the Board's opinion is limited. We merely review the Board's opinion to determine whether it "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as

-3-

to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Our review proceeds accordingly.

Murray Energy contends that the Board erred in affirming the ALJ's decision that Murray Energy was responsible for payment of PPD benefits to Smith as a result of the work-related cumulative trauma injuries. Murray Energy maintains that the parties stipulated the date of Smith's cumulative trauma injuries to be December 27, 2019, Smith's last day of employment with Muhlenberg Coal. Murray Energy claims that this stipulated date of injury (December 27, 2019) "controls for purposes of assignment of liability" between it and Muhlenberg Coal. Murray Energy Brief at 10. At the time of the stipulated date of injury (December 27, 2019), Murray Energy argues that Smith was employed by Muhlenberg Coal, and as such, Muhlenberg Coal is the liable employer. Murray Energy also argues that the ALJ was bound by the parties' stipulated date of injury and improperly ignored the stipulation.

From a review of the record, it does appear that the parties did stipulate that Smith sustained the cumulative trauma injuries on December 27, 2019; however, it is equally clear that the parties also stipulated that the manifestation date was a contested issue.

When an employee has been employed by multiple employers and has alleged a cumulative trauma injury, the employer on the date of manifestation of

-4-

such injury is solely liable for workers' compensation benefits. *Hale v. CDR Operations, Inc.*, 474 S.W.3d 129, 138 (Ky. 2015).[2]

In this case, the parties clearly listed the manifestation date as a contested issue in the stipulations. And, in cumulative trauma injuries with multiple employers, the employer on the date of manifestation of such injury is liable for payment of workers' compensation benefits. *Id.* Thus, the ALJ was free to determine that the manifestation date of Smith's cumulative trauma injuries occurred during his employment with Murray Energy and that Murray Energy was solely responsible for payment of workers' compensation benefits, which occurred in this case. We find no error in the Board's thorough analysis of this issue. Board's Opinion at 14-16.

Accordingly, we cannot conclude that the Board overlooked or misconstrued controlling law or erred in assessing the evidence so as to constitute gross injustice. *W. Baptist Hospital*, 827 S.W.2d at 687-88.

For the foregoing reasons, the opinion and order of the Workers' Compensation Board affirming the administrative law judge's award of permanent partial disability benefits is affirmed.

---

[2] While not authoritative, we note the Kentucky Supreme Court's decision in *Papineau v. Trans Ash Inc.*, No. 2020-SC-0296-WC, 2021 WL 2617124 (June 17, 2021). Therein, the Supreme Court observed "when an employee alleging a work-related cumulative trauma injury had worked for multiple employers, the employer on the date of manifestation of the injury bears the full burden of paying workers' compensation benefits[.]" *Papineau v. Trans Ash Inc.*, No. 2020-SC-0296-WC, 2021 WL 2617124 at *12 (June 17, 2021).

ALL CONCUR.

BRIEF FOR APPELLANT:

Allison M. Helsinger
S. Nathan Goens
Lexington, Kentucky

BRIEF FOR APPELLEE
MUHLENBERG COUNTY COAL:

Donald J. Niehaus
Lexington, Kentucky

BRIEF FOR APPELLEE MARK
SMITH:

McKinnley Morgan
J. Casey Smith
Paducah, Kentucky